## Case No. 7,763.

### KIKINDAL v. MITCHELL.

[2 McLean, 402.] [1]

Circuit Court, D. Indiana. May Term, 1841.

PLEADING AT LAW— SUIT ON NOTE — DEMURRER FOR VARIANCE—PAYABLE ON OR BEFORE.

The legal effect of a bond or note, payable on or before the day, is different from one payable on the day. In the one case the obligor has a right to pay before the day, but not in the other. And this difference is material, when the instrument is described according to its legal effect.

At law.

Mr. Stevens, for plaintiff.
Mr. Bright, for defendant.

OPINION OF THE COURT. This action is brought on two writings obligatory for the payment of nine hundred and fifty dollars each. In the declaration the first writing obligatory is stated to be payable on or before the 22d of February, 1839. The defendant craved oyer of the writing obligatory, from which it appears that the words, "on or before," are not in it, and on this ground he demurred for the variance. This is a technical objection, and the court have felt a strong disposition to get over it. The declaration does not purport to set out the bill, obligatory, according to its tenor, but according to its legal effect. And the question is, whether the undertaking to pay on or before the day, gives a different effect to the instrument, from an undertaking to pay on the day. If it does the variance is fatal. It is suggested that the day of payment having past, the legal effect of the instrument must be the same in the one case as in the other. But this is not the point for decision. The words in the declaration, whether used as descriptive of the instrument, or to state its legal effect, have a reference to the time of its execution. A bond payable on a particular day, without the consent of the obligee, can not be discharged before that day. But a bond payable on or before the day may be paid at any time, at the option of the obligor, before the day. And does not this constitute a substantial difference between the two instruments? Under one of the instruments the obligor has a legal right, which he is not entitled to under the other. The legal effect, then, of the instruments must be different; and, if different, they must be so described. In general, whatever forms a constituent part of plaintiff's title must be set out correctly. But this rule is liable to some exceptions. A bill payable to a fictitious payee,

or his order, may be declared on as a bill payable to bearer. Chit. Bills (Ed. 1839) 178. The payee of a bill or note, payable to his own order, may state it to have been made payable to himself. Smith v. McClure, 5 East, 476. And a note payable to a married woman, and indorsed by her husband, may be stated to have been payable to the husband. Arnold v. Revoult, 1 Brod. & B. 443; Ankerstein v. Clarke, 4 Term R. 616. But these variances make no difference in the legal effect of the instruments; and the declarations purported to set out the instruments according to their legal effect. If the declaration does not profess to describe a deed, or to set it out according to its tenor, but states it correctly in substance, and in its legal effect, a variance will be immaterial. In an action for breach of covenant, proof of a lease from the plaintiff and his wife to the defendant, will support an averment of a lease from the plaintiff alone. Phil. Ev. (Ed. 1839) 212; Beaver v. Lane, 2 Mod. 217. In the case of Browne v. Knill, 2 Brod. & B. 395, which was an action of covenant, the court held that the plaintiff was bound to set out the covenant truly. The distinction is, whether the qualification forms part of the covenant or not. If it forms part of the covenant it must be set out, if not it may be omitted. In the case of Waugh v. Bussell, 5 Taunt. 707, the plaintiff declared on a bond conditioned to pay £100 by six equal payments of £16 13 4, on the 3d October, in every year, until the full sum of one pounds was paid. A stranger inserted the word hundred between one and pounds; the plaintiff on oyer craved, set it out as being, "until the full sum of £100 was paid;" held to be a fatal variance. We can find no case precisely in point, but we think, from the analogy of the cases, and on principle, we are bound to sustain the demurrer. We do this somewhat reluctantly, on account of the character of the objection. On motion leave given to amend the declaration.